UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**ORIYOMI ALOBA,**            }
                              }
    **Petitioner,**   }
                              }
**v.**                        }   Case No.: 1:23-cv-00219-RDP-SGC
                              }
**WARDEN,**                   }
                              }
    **Respondent.**   }

### MEMORANDUM OPINION

Before the court is Petitioner's amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. # 5). After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.     Background**

Petitioner Oriyomi Aloba is a federal prisoner who was convicted in *United States v. Aloba*, No. 2:18-cr-00083 (C.D. Cal.).[1] Petitioner was sentenced to eighty-seven months in prison after a jury found him guilty of the following offenses: Conspiracy to Commit Wire Fraud; Attempted Wire Fraud; Wire Fraud; Unauthorized Impairment of a Protected Computer; Unauthorized Access to a Protected Computer to Obtain Information; and Aggravated Identity Theft. (Cr. Doc. # 96) (Second Superseding Indictment); (Cr. Doc. # 132) (Redacted Jury Verdict); (Cr. Doc. # 306) (Re-Sentencing Judgment and Probation/Commitment Order).[2]

---

[1] The court cites to the record in the criminal case, No. 2:18-cr-00083 (C.D. Cal.), as (Cr. Doc. #). The court cites to the record in this action as (Doc. #).

[2] On Petitioner's first appeal, the Ninth Circuit remanded the case for resentencing due to a procedural error and therefore did not reach the merits of Petitioner's challenges to his sentence. (Cr. Doc. # 235). Petitioner was re-sentenced in November 2022, as he himself asserts in his amended petition. (Doc. # 5 at 2).

Petitioner filed a Notice of Appeal on November 29, 2022 (Cr. Doc. # 308), and the appeal is still pending. *See United States v. Aloba*, No. 22-50291 (9th Cir. docketed Nov. 30, 2022). On November 28, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Central District of California, No. 22-cv-08703. (C.D. Cal. Doc. # 1). The court denied Petitioner's motion on February 15, 2023, finding that it lacked jurisdiction to entertain the habeas petition because a direct appeal of the challenged conviction was still pending. (C.D. Cal. Doc. # 29).

On February 21, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this district and, pursuant to a court order, filed an amended petition on March 15, 2023. (Doc. # 5). Petitioner raises four arguments in support of his petition. First, he claims that the sentencing court "lacks jurisdiction because there was no procedural process for [his] arrest," and that he "was tried without arrest or proper process" in violation of the Fifth Amendment. (*Id.* at 7). Second, he alleges that the government falsified his indictment, and he was therefore imprisoned without an indictment. (*Id.*). Third, he contends that the government falsified search warrants. (*Id.* at 8). Fourth, he argues that the warrants involved in his case are "inadmissible in violation of Rule 28 U.S.C. [§] 1738 and []28 U.S.C. [§] 1739 or Rule 44 of [the Federal Rules of] Civil Procedure." (*Id.*).

**II.   Analysis**

A district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases (also applies to petitions filed pursuant to Section 2241, *see* Rule 1(b)); Rule 4(b), Rules Governing Section 2255 Proceedings. A petitioner is not entitled to a hearing or post-conviction relief when his petition fails to state a cognizable claim or amounts only to conclusory

allegations unsupported by specifics or contentions that, in the face of the record, are wholly incredible. See *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

A federal prisoner seeking to collaterally attack the legality of his sentence must file a motion to vacate, set aside, or correct sentence under § 2255 instead of a petition for writ of habeas corpus under § 2241. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). Section 2255 is the "exclusive mechanism" for a federal prisoner to seek collateral relief, unless he can demonstrate that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255(e). Section 2255 provides:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A petitioner bears the burden to prove that the § 2255 remedy is inadequate or ineffective. *See McCarthan*, 851 F.3d at 1080-95. "If a prisoner can bring his claims in a § 2255 motion, the § 2255 remedy is adequate and effective—even if the claims brought in that motion would have been dismissed due to a procedural bar, time limit, or circuit precedent." *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (per curiam) (citing *McCarthan*, 851 F.3d at 1087-88, 1091). Section 2255 allows a prisoner in federal custody to challenge his conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Therefore, § 2255 is an adequate and effective remedy when a prisoner attacks the validity of a conviction or sentence.

Because Petitioner's motion attacks the legality of his conviction and sentence, and he has not demonstrated that a § 2255 motion would be inadequate or ineffective for that purpose, he must bring the motion under § 2255, not § 2241. Therefore, Petitioner's motion for writ of habeas corpus under § 2241 is due to be denied.

This does not end the inquiry though, because "[f]ederal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam). Accordingly, "[f]ederal courts will sometimes ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion" as a § 2255 petition. *Castro v. United States*, 540 U.S. 375, 381 (2003).

Here, however, the court declines to recharacterize the petition as a § 2255 motion because doing so would result in dismissal for improper venue and lack of jurisdiction and would therefore be futile.

For § 2255 petitions, venue lies only in the district of conviction. 28 U.S.C. § 2255(a) (stating that a prisoner "may move *the court which imposed the sentence* to vacate, set aside, or correct the sentence.") (emphasis added). Petitioner was not sentenced by this court. Rather, he was convicted by a judge in the Central District of California. *See Aloba*, No. 2:18-cr-00083 (C.D. Cal.). Therefore, Petitioner may not challenge his sentence under § 2255 in this court.

Moreover, the Eleventh Circuit has held that, "absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (per curiam) (citations omitted). Because Petitioner's direct appeal of his sentence is still pending, this court would lack jurisdiction over a § 2255 motion challenging

that sentence. *See Aloba*, No. 22-50291 (9th Cir. docketed Nov. 30, 2022). Therefore, recharacterizing Petitioner's petition as a § 2255 would be futile. *See Partee v. Att'y Gen, Ga.*, 451 F. App'x 856, 858 (11th Cir. 2012) (per curiam) (holding that district court did not err by declining to recharacterize petition as § 2255 motion because construing it as such would have resulted in dismissal for lack of jurisdiction and would not have granted the petitioner any relief).

### III.     Conclusion

For the reasons discussed above, Petitioner's amended Petition for Writ of Habeas Corpus (Doc. # 5) is due to be denied. A corresponding order will be entered.

**DONE** and **ORDERED** this April 20, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE